**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DELCY KARINA CORDOVA, | No. 18-73220 |
| Petitioner, | Agency No. A208-157-182 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 13, 2023[**]
San Francisco, California

Before: FRIEDLAND, BADE, and KOH, Circuit Judges.

Delcy Karina Cordova, a native and citizen of Honduras, petitions pro se for

review of an order of the Board of Immigration Appeals ("BIA") summarily

affirming the decision of an Immigration Judge ("IJ") denying her application for

asylum and withholding of removal, and request for relief under the Convention

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Against Torture ("CAT").  We have jurisdiction under 8 U.S.C. § 1252.  Where, as here, the BIA summarily affirms the IJ's decision, we review the IJ's decision as the final agency determination.  *Renteria-Morales v. Mukasey*, 551 F.3d 1076, 1081 (9th Cir. 2008).  "In order to reverse the [agency], we must determine 'that the evidence not only *supports* [a contrary] conclusion, but *compels* it—and also compels the further conclusion' that the petitioner meets the requisite standard for obtaining relief."  *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014) (alteration in original) (quoting *INS v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992)).  We deny the petition.

1.  Construed liberally, Cordova's pro se brief does not challenge the IJ's dispositive determination that her proposed particular social group is not defined with sufficient particularity.  *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079–80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived).  Even if this issue were not forfeited, the record does not compel the conclusion that the IJ erred in determining that the proposed particular social group is not cognizable.  A cognizable social group must be "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question."  *Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1077 (9th Cir. 2020) (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014)).  Substantial evidence supports the IJ's

2

conclusion that the proposed social group is not defined with sufficient particularity. *See Nguyen v. Barr*, 983 F.3d 1099, 1102–03 (9th Cir. 2020) (explaining the particularity requirement). Because Cordova's failure to establish a cognizable social group is dispositive as to her asylum and withholding of removal claims, we need not reach her other arguments. *See id.* at 1104.

2. The IJ denied CAT relief because Cordova failed to show it is more likely than not she will be tortured by or with the consent or acquiescence of the government if returned to Honduras. *See Garcia-Milian*, 755 F.3d at 1034–35. The record does not compel a contrary conclusion. Cordova's "own personal speculation that [s]he would face such acquiescence" of the police does not compel a reversal of the agency. *See Rodriguez-Jimenez v. Garland*, 20 F.4th 434, 440 (9th Cir. 2021).

The temporary stay of removal remains in place until the mandate issues. The motion for a stay of removal is otherwise denied.

**PETITION DENIED.**

3